IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CATRINA JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION  16-0052-WS-M |
| | ) |
| WINDCREEK CASINO, HOTEL, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss.  (Doc. 7).  The plaintiff has filed a response, (Doc. 15), and the motion is ripe for resolution.

The defendant has presented the affidavit of the Tribal Chair of the Poarch Band of Creek Indians ("the Tribe"), which establishes that the defendant is owned by the Tribe and operated by the Poarch Band of Creek Indians Gaming Authority ("the Authority").  (Doc. 7-1).  The defendant argues that the plaintiff's lawsuit is thus barred by the doctrine of tribal sovereign immunity.

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers."  *Freemanville Water System, Inc. v. Poarch Band of Creek Indians*, 563 F.3d 1205, 1207 (11th Cir. 2009) (internal quotes omitted).  Tribal sovereign immunity applies "regardless of the type of relief sought," unless "Congress has authorized the suit or the tribe has waived its immunity."  *Id*. at 1208 (internal quotes omitted).  The Tribe is an Indian tribe for purposes of application of these principles.  *Id*. at 1206; *Alabama v. PCI Gaming Authority*, 801 F.3d 1278, 1282 (11th Cir. 2015).  Moreover, the Authority "shares in the Tribe's immunity because it operates as an arm of the Tribe."  *Id*. at 1287.  The defendant rightly concludes that, because it is

owned by the Tribe and operated by an arm of the Tribe, suit against it is barred by tribal sovereign immunity.

As noted, a tribe may lose immunity by abrogation or waiver. "Only Congress, and not a state legislature, can abrogate tribal immunity, because tribal immunity is a matter of federal law and is not subject to diminution by the State." *Furry v. Miccosukee Tribe*, 685 F.3d 1224, 1230 (11th Cir. 2012) (internal quotes omitted). The only federal statute the plaintiff mentions is the Indian Gaming Regulatory Act ("IGRA"), and she does not suggest it as a source of abrogation. At any rate, "[n]othing in IGRA indicates that Congress abrogated the sovereign immunity of tribes that elect to engage in class II gaming …." *Tamiami Partners, Ltd. v. Miccosukee Tribe*, 63 F.3d 1030, 1048 (11th Cir. 1995).

Because the plaintiff has the burden of establishing subject matter jurisdiction, she must show that the defendant has waived its immunity. *Thompson v. McHugh*, 388 Fed. Appx. 870, 872 (11th Cir. 2010); *Ishier v. Internal Revenue*, 237 Fed. Appx. 394, 398 (11th Cir. 2007). The plaintiff has not done so; indeed, she does not even allege a waiver.

Instead, the plaintiff invokes *Ex parte Young*. That doctrine provides "an exception to sovereign immunity in lawsuits against state officials for prospective declaratory or injunctive relief to stop ongoing violations of federal law," and the Eleventh Circuit has "extended the *Ex parte Young* doctrine to tribal officials." *PCI Gaming Authority*, 801 F.3d at 1288. But the plaintiff has not sued any tribal officials or any individuals of any description. Nor has she sought prospective equitable relief; all her complaint demands is $3 million in damages. (Doc. 4 at 2). The doctrine therefore cannot save her lawsuit.

"Tribal sovereign immunity is a jurisdictional issue." *Furry*, 685 F.3d at 1228; *accord Taylor v. Alabama Intertribal Council Title IV J.T.P.A.*, 261 F.3d 1032, 1034 (11th Cir. 2001). Because the defendant is covered by such immunity, which has been neither abrogated nor waived, the Court lacks subject matter jurisdiction to entertain this action.

For the reasons set forth above, the motion to dismiss is **granted**. This action is **dismissed** for want of subject matter jurisdiction.

DONE and ORDERED this 15th day of June, 2016.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE